POTTS, Ex parte. See Case No. 5,258.

---

## Case No. 11,345.
### POTTS v. FINDLAY et al.
### [1 Cranch, C. C. 514.][1]
Circuit Court, District of Columbia. Nov. Term, 1808.

DRAFT UPON CONSIGNEE—SALE TO MEET BILL.

When bills are drawn upon the consignee, on a shipment of tobacco, he has no right to hold up the tobacco after the time of payment of the bills, without orders, but should sell to meet the payment of the bills.

[2] [From 1 Pa. Law J. 159.]
[1] [Reported by Hon. William Cranch, Chief Judge.]

This was a suit in chancery, under the act of Virginia of December 26, 1792 (chapter 78, p. 115). The bill claimed the price of a cargo of tobacco, for which the defendants [Findlay, Bannatine & Co.] might have sold it, but did not, and kept it on a falling market, after notice and acceptance of bills drawn by the plaintiff [John Potts] upon the shipment.

The answer of the defendants denied fraud and negligence, and averred that they acted bonâ fide, and according to their best judgment.

C. Lee, for plaintiff, contended that, although the plaintiff had not expressly ordered the defendants to sell immediately, yet, as the bills were drawn upon the shipment, at sixty days' sight, it was the duty of the defendants to sell so as to meet the bills at maturity; and that it might be inferred from the plaintiff's letters that such was his intention. There was evidence that the defendants had sold the tobacco of others at a good price, while they held up that of the plaintiff until the price had fallen. Marsh. 206; Beaw. Lex Merc. 45, 48.

Mr. Swann, contra. The defendants acted with good faith. It was their interest to sell for the best price. There is no evidence that they could have sold the plaintiff's tobacco for a better price. They had a discretion. They had no positive orders to sell at any time. The drawing of the bills by the plaintiff would have been an excuse for selling, but was not an order to sell at all events.

The plaintiff claims unliquidated damages. That is not such a debt as will give jurisdiction in a chancery attachment, under the act of assembly of Virginia of 26th December, 1792, p. 115, c. 78.

E. J. Lee, in reply. The act of assembly does not give jurisdiction, it only regulates the mode of proceeding. The remedy is not confined to liquidated debts. The act of assembly gives it in all cases of suit in equity for relief against absent defendants. In cases where absent debtors have property within the jurisdiction of the court, it has cognizance of the cause under its general equity jurisdiction. 1 Atk. 19. If a case is doubtful, or the remedy at law difficult, the court of equity will not pronounce against its jurisdiction. Weymouth v. Boyer, 1 Ves. Jr. 424.

Mr. Swann, in support of his objection to the jurisdiction of the court, cited Thornton v. Spotswood, 1 Wash. [Va.] 142.

THE COURT was of opinion that the defendants were not justified in holding up the tobacco after the time of payment of the bills drawn by the plaintiff; and directed an issue to ascertain the prices at which the tobacco might have been sold on the day of payment.

[For a trial of an issue from chancery to ascertain for what sum the defendants could have sold the tobacco, see Case No. 6,396.]